# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

RONALD COBURN,
#Y45629,

        **Plaintiff,**

v.

IDOC,
WEXFORD HEALTH SOURCES, INC.,
PERCY MEYERS, and
DANVILLE HOSPITAL,

        **Defendants.**

Case No. 23-cv-02405-SPM

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Ronald Coburn, an inmate of the Illinois Department of Corrections who is currently incarcerated at Centralia Correctional Center (Centralia), brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. The First Amended Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

### THE FIRST AMENDED COMPLAINT

Plaintiff alleges that he arrived at Centralia around April 2021. (Doc. 12, p. 7). At some point, he was transferred to Vermillion County Jail on a court writ and contracted COVID-19. He had to remain at Vermillion County Jail until he was "cleared of the COVID." While at Vermillion

County Jail, he was taken to Danville Hospital where a CT scan was performed. Plaintiff was told that the CT scan revealed a mass on his lungs. Medical staff informed him that there was nothing they could at that time because he was COVID positive, but once he no longer had the virus, he would need a biopsy as soon as possible. A nurse told Plaintiff that she relayed this information to the health care unit at Centralia. Plaintiff returned to Centralia in early January 2022. (*Id.*).

After returning to Centralia, Plaintiff wrote to the healthcare unit to inform them that medical staff at the Danville Hospital had discovered a mass on his lungs. (Doc. 12, p. 7). Plaintiff had an appointment with Dr. Meyers on February 23, 2022, and Dr. Meyers told Plaintiff there was nothing he could do because he did not have any paperwork indicating a mass. (*Id.*).

In March 2022, Plaintiff went to a hospital in Mount Vernon. (Doc. 12, p. 8). At the hospital, a biopsy was performed. The mass was cancerous, and Plaintiff started treatment in June 2022. (*Id.*).

### DISCUSSION

Plaintiff brings his claims of constitutionally inadequate medical care against Defendants pursuant to the Eighth Amendment. (Doc. 12, p. 6). To state an Eighth Amendment deliberate indifference claim based on the denial of medical care, a plaintiff must plead facts sufficient to show that (1) his medical condition was sufficiently serious, and (2) the defendant acted with deliberate indifference to his medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475-76 (7th Cir. 2017); *see also Cooper v. Casey*, 97 F.3d 914 (7th Cir. 1996). Additionally, when suing a private entity pursuant to Section 1983, such as Danville Hospital and Wexford Health Sources Inc. (Wexford), a plaintiff must also plead that "the private entity acted under the color of state law," *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822 (7th Cir. 2009), and that his constitutional rights were violated by "a corporate policy or widespread practice or custom," *Howell v. Wexford Health*

*Sources, Inc.*, 987 F. 3d 647, 653 (7th Feb. 5, 2021).

Plaintiff has again failed to articulate an Eighth Amendment claim against any of the Defendants, and the First Amended Complaint will be dismissed. First, all claims against Wexford are dismissed. Plaintiff states that Wexford was contracted by the State of Illinois to be the exclusive provider of healthcare for inmates within IDOC. (Doc. 12, p. 7). He goes on to say that Wexford is responsible for implementing policies and procedures in order to ensure that inmates receive constitutionally adequate medical care. (*Id.*). Other than describing Wexford's relationship with the State of Illinois and its role within the IDOC system, he has not pled any facts from which the Court can infer that a policy or practice caused a constitutional deprivation. *See Shields v. Ill. Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014), *cert. denied,* 135 S. Ct. 1024 (2015)). Accordingly, Plaintiff has failed to state a claim against Wexford.

Likewise, Plaintiff has failed to state a claim against Danville Hospital. Plaintiff alleges that Danville Hospital knew of a serious medical issue and decided to do nothing about it. (Doc. 12, p. 8). First, Plaintiff does not assert facts that would allow the inference that Danville Hospital was acting under the color of state law. Plaintiff does not state that Danville Hospital acted in concert with the State of Illinois, and "there are no facts to suggest that there was a relationship between the hospital and the government or that it is a go-to provider of care of people in police custody." *Trepania v. Shepard,* No. 21-cv-250-jdp, 2021 WL 6062585, at *3 (W.D. Wisc. Dec. 22, 2021). Furthermore, he fails to plead allegations that his inadequate care was the result of a hospital practice or policy, rather than the conduct of individual employees. Accordingly, the claims against Danville Hospital are dismissed.

The Court also dismisses the claims against Dr. Meyers. Plaintiff claims that at the appointment with Dr. Meyers on February 23, 2022, after he informed Dr. Meyers about the mass

found on his lungs by staff at Danville Hospital, Dr. Meyers said he could not do anything because he did not have the paperwork. (Doc. 12, p. 7). Dr. Meyers did not perform an examination "to create his own diagnosis." (*Id.*).

These facts do not support a plausible inference of deliberate indifference on the part of Dr. Meyers. If anything, given that Plaintiff had the biopsy a few weeks after his appointment with Dr. Meyers, it is more likely assumed that following the appointment, Dr. Meyers acted to find the CT results and schedule Plaintiff for a biopsy. The fact that Dr. Meyers did not utilize some alternative diagnostic testing on the spot does not establish the type of "intentional or criminally reckless" behavior required for a constitutional violation. *See Board v. Farnham*, 294 F.3d 469, 478 (7th Cir. 2005). An inmate "is not entitled to demand specific are or the best care possible; he is entitled only to reasonable measures." *Strasser v. Tondkar,* No. 21-C-1257, 2023 WL 8186457, at *3 (E.D. Wisc. Nov. 27, 2023) (citing *Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006). The claims against Dr. Meyers are dismissed.

And finally, as the Court previously stated in the first merit review order, the Illinois Department of Corrections ("IDOC") is not a "person" subject to suit for money damages under Section 1983. *Thomas v. Ill.*, 697 F.3d 612, 613 (7th Cir. 2012). Plaintiff's claims against IDOC are dismissed.

Because there are no claims that survive preliminary review, the First Amended Complaint is dismissed. The Court has given Plaintiff the opportunity to replead his claims, and he has again failed to state a plausible claim for relief. Thus, the Court finds that any further amendment would be futile. *See Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). The First Amended Complaint and this entire case will be dismissed with prejudice for failure to state a claim upon which relief can sought.

### MOTION FOR RECRUITMENT OF COUNSEL

Plaintiff has filed a second motion seeking court recruited counsel. (Doc. 14). The motion is identical to Plaintiff's first request for counsel (*see* Doc. 5), and as the Court previously found, Plaintiff has failed to meet his threshold burden of making a reasonable attempt to secure counsel on his own.[1] He does not provide any details regarding the attorneys he has attempted to contact, such as the attorneys' names, phone numbers, or addresses. Accordingly, the motion is **DENIED.**

### PENDING MOTIONS

Plaintiff's motion for leave to proceed *in forma pauperis* is **DENIED.** (Doc. 14). Plaintiff's first motion for leave to proceed *in forma pauperis* was denied, and Plaintiff has already paid the full filing fee. (Doc. 7).

The motion for service of process at government expense is **DENIED as moot** in light of this Order. (Doc. 13).

### DISPOSITION

For the reasons stated above, the First Amended Complaint and this entire action are **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.

Plaintiff may appeal this Order by filing a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If he does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger,* 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza,* 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish,* 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may

---

[1] In evaluating Plaintiff's motion, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) and related authority.

toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: March 22, 2024**

                 *s/Stephen P. McGlynn*
                 **STEPHEN P. MCGLYNN**
                 **United States District Judge**